**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **DIMAS MOREIRA,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **CAUSE NO. EP-24-CV-21-KC-MAT** |
| | § | |
| **COMMISSIONER OF THE SOCIAL** | § | |
| **SECURITY ADMINISTRATION,** | § | |
| | § | |
| Defendant. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On this day, the Court considered Plaintiff Dimas Moreira's Motion for Summary Judgment, ECF No. 6, and his Objections to United States Magistrate Judge Miguel A. Torres's Report and Recommendation ("Objection"), ECF No. 12. For the following reasons, the Objection is **OVERRULED**, the Report & Recommendation ("R&R"), ECF No. 11, is **ADOPTED**, the Motion for Summary Judgment is **DENIED**, and the decision of the Commissioner of the Social Security Administration is **AFFIRMED** pursuant to 42 U.S.C. § 405(g).

**I.   BACKGROUND**

On August 22, 2022, Moreira applied for disability insurance benefits, alleging disability beginning on July 31, 2021. ALJ Decision 14, ECF No. 4-2. He claimed disability due to degenerative disc disease of the lumbar and cervical spine, degenerative joint disease of the right shoulder, coronary artery disease, carpal tunnel syndrome, and post-traumatic stress disorder. *Id.* at 17. The Social Security Administration denied his application initially and on reconsideration. *Id.* at 14. Moreira then requested a hearing before an administrative law judge ("ALJ"), who held a video hearing and ultimately concluded that Moreira was not disabled within the meaning

of the Social Security Act during the relevant period. *Id.* at 14–25. Specifically, the ALJ found that Moreira retained the residual functional capacity ("RFC") to perform light work, subject to certain limitations. *Id.* at 19, 24. The Social Security Appeals Council denied Moreira's request for review, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* Def. Br. Supp. Decision 4, ECF No. 9 (citing 42 U.S.C. § 405(g)); *see also Walker v. Kijakazi*, No. 23-60116, 2023 WL 7443302, at *5 (5th Cir. 2023) ("The Commissioner's determination may be rendered by an ALJ." (quoting *Legget v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995)) (cleaned up).

Moreira then filed this action seeking judicial review of the ALJ's decision. Compl., ECF No. 1. Pursuant to Paragraph 2(c) of the Court's May 1, 2012, Standing Order, the matter was referred to United States Magistrate Judge Miguel A. Torres. Moreira moved for summary judgment and filed a supporting brief, Pl. Opening Br., ECF No. 7, arguing that the ALJ's decision was not supported by substantial evidence and was legally erroneous, and that the Court should thus enter judgment in his favor and remand the matter to the Commissioner. The Commissioner filed a Response Brief, ECF No. 9, and Moreira replied, Reply Opening Br., ECF No. 10.

On February 27, 2025, Magistrate Judge Torres issued his Report & Recommendation, recommending that Moreira's Motion be denied and the Commissioner's decision affirmed. R&R 17. Moreira timely filed his Objections to the R&R on March 12. The Commissioner filed a Response, ECF No. 13, to which Moreira filed a Reply, ECF No. 14.

## II.     DISCUSSION

### A.     Standard

A district court "shall make a de novo determination of those portions of [a magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000).

The Court's review of a denial of social security benefits is highly deferential and limited to two main inquiries: (1) whether substantial evidence supports the ALJ's decision, and (2) whether the ALJ applied the correct legal standards in evaluating the evidence. *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). This evidence must be "more than a mere scintilla," but it can be "less than a preponderance." *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993). The Court is not permitted to reweigh the evidence, try the issues de novo, or substitute its own judgment, even if the Court believes the evidence preponderates against the ALJ's findings. *Johnson v. Bowen*, 864 F.2d 340, 343 (5th Cir. 1988). A finding of no substantial evidence is warranted only if no credible evidence or medical findings support the denial of benefits. *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000) (citing *Johnson*, 864 F.2d at 343–44). Finally, remand is appropriate only if the claimant shows that the ALJ's error was prejudicial. *Miller v. Kijakazi*, No. 22-60541, 2023 WL 234773, at *3 (5th Cir. Jan. 18, 2023) (citing *Jones v. Astrue*, 691 F.3d 730, 734 (5th Cir. 2012)); *see also Hawkins v. Astrue*, No. 3:09-cv-2094, 2011 WL 1107205, at *7

(N.D. Tex. Mar. 25, 2011) ("Without proof of prejudice, there is no basis for a remand." (citing *Newton v. Apfel*, 209 F.3d 448, 458 (5th Cir. 2000)).

### B.     Analysis

The Social Security Act provides disability insurance benefits only to individuals who suffer from a qualifying physical or mental disability. *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (citing 42 U.S.C. § 423). The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A).

To determine whether a claimant is disabled, the Commissioner—here, through an ALJ—follows a five-step sequential evaluation, analyzing: (1) whether the claimant is presently performing substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from performing any substantial gainful activity. 20 C.F.R. § 404.1520(a)(4); *see also Salmond*, 892 F.3d at 817 (citing *Kneeland v. Berryhill*, 850 F.3d 749, 753 (5th Cir. 2017)).

Between steps three and four, the ALJ assesses the claimant's residual functional capacity, which represents the most a claimant can still do despite their limitations. 20 C.F.R. §§ 404.1520(e), 404.1545(a)(1). The RFC determination must be based on "all of the relevant medical and other evidence" in the record. *Id.* § 404.1545(a)(3). Notably, the ALJ does not assign any specific evidentiary weight—including controlling weight—to any medical opinions or prior administrative medical findings. *Id.* § 404.1520c(a). Instead, the ALJ must assess how persuasive those opinions and findings are, weigh them accordingly, and explain that assessment

in the decision. *Id.* § 404.1520c(b). The ALJ considers multiple factors in making that determination, and no one factor is necessarily dispositive. *Id.* § 404.1520c(c). And, as explained, an RFC finding is supported by substantial evidence if a reasonable mind could accept the evidence as adequate to support the ALJ's conclusion. *See Greenspan*, 38 F.3d at 236.

Moreira argues that the ALJ failed to properly conduct the RFC analysis, and that Magistrate Judge Torres erred in affirming the ALJ's decision. *See generally* Obj. Specifically, Moreira raises four objections to the R&R. First, he argues that Judge Torres erred in concluding that the ALJ's RFC determination was supported by substantial evidence, asserting that it instead reflected the ALJ's own lay interpretation of the medical evidence. *Id*. at 2–6. Second, he contends that Judge Torres incorrectly found that the ALJ adequately considered and incorporated Moreira's physical and mental limitations into the RFC. *Id*. at 6–7. Third, Moreira argues that Judge Torres erred in concluding that the ALJ properly evaluated his subjective symptom reports. *Id.* at 7–10. And fourth, he challenges Judge Torres's conclusion that the ALJ was not required to analyze his disability rating from the Department of Veterans Affairs. *Id.* at 10.

    **1. The ALJ's RFC determination was supported by substantial evidence.**

Moreira argues that because the ALJ "assessed an RFC with a range of mental and physical restrictions not aligning with *any medical opinion*, the ALJ must have relied on her own understanding of the limitations the evidence supports, which is impermissible." *Id.* at 2 (emphasis in original).

But because the regulations explicitly state that an ALJ should not defer to or give controlling weight to any medical opinion, Moreira's argument is unfounded: There is no requirement that an ALJ adopt, or "align with," a specific opinion in full. *Miller*, 2023 WL

5

234773, at *4; *see also Fleming v. Saul*, No. 5:19-cv-701-ESC, 2020 WL 4601669, at *5 (W.D. Tex. Aug. 10, 2020) (no error where ALJ found none of the medical opinions entirely persuasive). Rather, it is the ALJ's duty to evaluate the persuasiveness of each opinion and interpret the medical evidence as a whole to determine the claimant's RFC. *Miller*, 2023 WL 234773, at *4 (citing *Fontenot v. Colvin*, 661 F. App'x 274, 277 (5th Cir. 2016)).

And here, regarding Moreira's physical limitations, the ALJ first conducted a detailed review of his imaging records and examination notes. ALJ Decision 19–21. Then, the ALJ considered the medical opinions of state agency consultants Ann Williams and George Carrion, as well as nurse practitioners Taneka Wilborn and Belinda Walker. *Id.* at 21–22. The ALJ found Williams and Carrion's opinions—both concluding that Moreira could perform medium work with postural limitations—only partially persuasive. *Id.* She explained that evidence of Moreira's abnormal imaging studies and right shoulder impairment supported slightly greater limitations than those identified by the state consultants. *Id.* The ALJ also found Wilborn's opinion—suggesting that Moreira had a reduced ability to lift and type—only somewhat persuasive. *Id.* at 22. She noted that Wilborn's opinion was vague, not framed in functionally relevant terms, and internally inconsistent: Wilborn stated that Moreira's grip was significantly reduced but also indicated that he retained "at least 4/5 strength, including grip strength, throughout both upper extremities." *Id.* By contrast, the ALJ found Walker's opinion—that Moreira could not sit, stand, walk, or lie down for long periods—unpersuasive. *Id.* The ALJ reasoned that Walker's assessment appeared to rely entirely on Moreira's subjective complaints and was based on a flare-up episode, making her conclusions inconsistent with other objective findings in the record. *Id.*

As to Moreira's mental limitations, the ALJ considered the opinions of state agency psychological consultants David Powers and Wendy Silver, who both opined that Moreira's mental impairments would no more than minimally affect his ability to perform basic work activities. *Id.* The ALJ found these opinions only somewhat persuasive, concluding that more recent records—especially his medical examiner's notes—reflected slightly greater mental limitations. *Id.* at 18, 22.

Moreira argues that even if the ALJ considered some of the medical opinions, she impermissibly "played doctor" by interpreting raw medical data and considering them in evaluating the persuasiveness of older medical opinions. Obj. 5. But the ALJ's review of objective medical evidence, including imaging studies and examination notes, does not amount to drawing her own medical conclusions. *See Britton v. Saul*, No. 20-30025, 827 F. App'x 426, 429 (5th Cir. 2020) (recognizing examination findings as relevant and substantial evidence supporting RFC assessment); *Willis v. Kijakazi*, No. 22-20609, 2023 WL 4015174, at *4 (5th Cir. June 14, 2023) ("[T]he ALJ did not improperly draw medical opinions from raw data but properly examined the extensive medical documentation."). Further, the ALJ is permitted to assess whether earlier medical opinions remain persuasive in light of updated evidence. *See, e.g.*, *Miller*, 2023 WL 234773, at *4. Indeed, the ALJ found that Moreira's more recent medical records supported greater limitations than those identified by several experts—a finding favorable to Moreira. *Fleming*, 2020 WL 4601669, at *9.

Moreira also argues that remand is still required because the ALJ failed to sufficiently explain her reasoning. Obj. 5–6. But as discussed, the ALJ did articulate her reasons when she disagreed with various medical opinions. Moreover, Moreira must show that any alleged error was prejudicial. *See Miller*, 2023 WL 234773, at *3. And he has not shown that, had the ALJ

7

provided further explanation, she would have adopted Moreira's position or reached a different outcome. *Walker*, 2023 WL 7443302, at *5 (citations omitted); *Jones v. Astrue*, 691 F.3d 730, 734 (5th Cir. 2012) (no prejudice where claimant failed to show omitted evidence would have changed the result).

In sum, the ALJ reviewed the relevant medical records and opinions, explained how persuasive she found each and why, and then determined Moreira's RFC based on the full evidentiary record. Such analysis is sufficient. *See, e.g.*, *Willis*, 2023 WL 4015174, at *5 (RFC determination supported by substantial evidence where ALJ examined the medical evidence and explained her reasoning); *Fleming* 2020 WL 4601669, at *5 (same, even though ALJ did not adopt any medical opinion in full); *Stanley v. Comm'r of Soc. Sec.*, No. 22-cv-527, 2023 WL 2457534, at *4 (S.D. Tex. Mar. 10, 2023) (same where ALJ found claimant more limited than medical opinions suggested). Ultimately, Moreira's argument boils down to a disagreement with how the ALJ weighed the evidence. But this Court may not reweigh the evidence or substitute its judgment for the ALJ's. *See Masterson v. Barnhart*, 390 F.3d 267, 272 (5th Cir. 2002); *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000). Accordingly, Moreira's first objection is overruled.

      **2.**    **The ALJ considered and incorporated Moreira's mental and physical limitations in her RFC finding.**

Second, Moreira argues that the ALJ's RFC is unsupported because it fails to account for physical and mental limitations stemming from all of his impairments. Obj. 6–7. He contends that "[t]he ALJ simply ignored all evidence that support[ed] [his] mental limitations," and that the RFC was likewise "unsupported in relation to [his] physical limitations." Pl. Opening Br. 17. He argues that, consequently, the RFC omitted "critical aspects," such as his ability to consistently work for sustained periods with speed and accuracy. Obj. 6.

But an ALJ is not required to explicitly list every limitation underlying a claimant's RFC. *Gary P. v. Saul*, No. 20-cv-68, 2021 WL 3518534, at *4 (N.D. Tex. July 19, 2021) (citing *Cornejo v. Colvin*, No. 3:21-cv-470-RFC, 2013 WL 2539710, at *9 (W.D. Tex. June 7, 2013)), *adopted*, 2021 WL 3516238 (Aug. 10, 2021). Nor must the ALJ incorporate limitations that are not supported by the record. *Id.* (citing *Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1998)). The question is simply whether the RFC is supported by substantial evidence. *See Terry v. Comm'r, SSA*, No. 20-cv-618, 2023 WL 2586304, at *4 (E.D. Tex. Mar. 21, 2023) (explaining that the relevant inquiry is not whether the ALJ included certain findings, but whether the RFC is supported by substantial evidence (citation omitted)); *see also Warren v. Comm'r, SSA*, No. 19-cv-302, 2020 WL 5849869, at *3 (E.D. Tex. Oct. 21, 2020). As explained above, it is.

But even taking Moreira's objections at face value, they lack merit. His claim that the ALJ disregarded all evidence of his mental impairments is directly contradicted by the record. *See* ALJ Decision 21–22. Moreira also objects that the ALJ failed to account for testimony from him and his wife concerning his stress, anxiety, and inability to concentrate. Pl. Opening Br. 16. But the ALJ considered these subjective reports and found them inconsistent with the objective medical evidence and therefore not supported by the record. ALJ Decision 18, 21.

Similarly, Moreira's argument that the ALJ ignored medical evidence—rendering the RFC unsupported with respect to his physical limitations—is unfounded. He contends that the ALJ failed to consider several findings: his reduced grip strength, evidenced by an exam showing only eighty percent ability to pinch thumb to finger; slower reflexes in both arms; pain exacerbated by the use of his upper extremity; and his own testimony regarding the pain he experiences during basic tasks. Pl. Opening Br. 17–18. But, again, the ALJ addressed—in detail—each of these limitations and discussed their persuasiveness. ALJ Decision 19–22.

Finally, Moreira objects to Magistrate Judge Torres's conclusion that SSR 85-15, 1985 WL 56857 (Jan. 1, 1985), a Social Security Act regulation, applies only to claimants with exclusively mental impairments. Obj. 7. But even assuming Moreira is correct on this point, any such error is not prejudicial. In his Opening Brief, Moreira merely cited SSR 85-15 for the proposition that mental limitations are important and argued that the ALJ failed to account for them in the RFC. Pl. Opening Br. 16. But, as explained, the ALJ did account for them.

Moreira emphasizes that SSR 85-15 states that a claimant's ability to meet the demands of work is "highly individualized" and that even unskilled jobs may be difficult depending on a claimant's condition. *Id.; see also* SSR 85-15, at *6. As a result, "[a]ny impairment-related limitations created by an individual's response to demands of work . . . must be reflected in the RFC assessment." SSR 85-15, at *6. Here, the ALJ did just that. She found that Moreira could not perform the full range of light work and incorporated specific limitations into the RFC—such as avoiding fast-paced assembly line work and hazardous machinery—based on her review of the evidence and especially the testimony of the vocational expert. ALJ Decision 19, 24.

Thus, even assuming Moreira's interpretation of SSR 18-15 is correct and it does apply to his case, he has not shown that the ALJ failed to follow it—much less that any supposed misapplication was prejudicial. *See, e.g.*, *Hayes v. Colvin*, No. 15-cv-241, 2016 WL 8078308, at *7 (N.D. Tex. Nov. 4, 2016) (remand unwarranted "[b]ecause procedural perfection in an administrative proceeding is not required, and the ALJ's decision [was] supported by substantial evidence."), *adopted*, 2017 WL 384873 (Jan. 26, 2017). Because the ALJ's analysis was well-grounded in the record, this objection is also without merit.

### 3. The ALJ properly considered and evaluated Moreira's subjective symptoms.

Moreira next argues that the ALJ improperly rejected his subjective symptoms report by relying solely on objective medical evidence, in violation of another agency regulation, SSR 16-3P, 2017 WL 5180304 (Oct. 25, 2017). Obj. 7–10. He contends that the ALJ failed to provide valid reasons for discounting his symptom testimony, particularly regarding his pain. *Id.* at 8.

Under SSR 16-3P, when a claimant alleges symptoms such as pain, the ALJ must follow a two-step process. SSR 16-3P, at *2. First, the ALJ must determine whether the claimant has a medically determinable impairment that could reasonably be expected to produce the alleged symptoms. *Id.* at *3. If so, the ALJ must then evaluate the intensity and persistence of the symptoms, considering not just the objective medical evidence, but also the claimant's statements, daily activities, treatment history, and other relevant factors. *Id.* at *7; *see also* 20 C.F.R. § 416.929(c)(3).

Although an ALJ may not discount a claimant's subjective complaints solely because they lack support from objective medical evidence, the ALJ may find those complaints inconsistent with the record as a whole and weigh them accordingly. SSR 16-3P, at *4–6, 8. The ALJ must "explain which of an individual's symptoms" they found consistent or inconsistent with the evidence, and how they reached those conclusions. *Id.* at *8. But the ALJ is not "required to articulate expressly every regulatory factor or reason" underlying the determination. *Parker v. Comm'r of Soc. Sec.*, No. 21-cv-279, 2023 WL 5769347, at *3 (E.D. Tex. Aug. 15, 2023) (citing *Undheim v. Barnhart*, 214 F. App'x 448, 451 (5th Cir. 2007)), *adopted*, 2023 WL 5751432 (Sept. 6, 2023).

Here, the ALJ listed Moreira's reported symptoms, and found that his medically determinable impairments could reasonably be expected to cause them. ALJ Decision 20. But

she found that the statements concerning the intensity and persistence of those symptoms were not entirely consistent with the record. *Id.* She cited, among other evidence, imaging studies showing only moderate abnormalities, physical exams suggesting that he is not in acute or apparent distress, and the lack of inpatient treatments, surgical procedures, or visits for pain. *Id.* at 20–21. These are proper considerations under SSR 16-3P. *See* SSR 16-3P, at *5–8; *see also Parker*, 2023 WL 5769347, at *4–5.

While Moreira disagrees with how the ALJ weighed the evidence, he has not shown that she failed to follow the correct legal standard or that her determination lacked substantial evidentiary support. And the Court must give deference to the ALJ's evaluation of a claimant's subjective complaints if supported by substantial evidence. *Parker*, 2023 WL 5769347, at *3 (citing *Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990)); *Ponce v. Colvin*, No. 15-cv-81, 2016 WL 5817515, at *3 (N.D. Tex. Sept. 6, 2016). Accordingly, the Court finds no error in the ALJ's evaluation of Moreira's subjective symptoms, and his third objection is overruled.

### 4. The ALJ did not err in ignoring Moreira's Veteran Affairs disability rating.

Finally, Moreira argues that the ALJ erred by ignoring his one hundred percent disability rating from the Department of Veterans Affairs, asserting that it is critical evidence in support of his disability claim. Obj. 10.

While Moreira acknowledges that a disability determination by another agency is not binding on the ALJ, he contends that she was still required to consider it. *Id*. (citing 20 C.F.R. § 404.1504). But an ALJ should "not provide any analysis in [their] determination or decision about a decision made by any other governmental agency" regarding disability status or entitlement to benefits. 20 C.F.R. § 404.1504; *see also Rodriguez v. Comm'r of Soc. Sec.*, No. 5:18-cv-1259-ESC, 2020 WL 614591, at *7 (W.D. Tex. Feb. 10, 2020). Instead, the ALJ must

only consider any underlying evidence from the other agency's decision, assuming it is part of the claimant's SSA record. 20 C.F.R. § 404.1504. As explained above, the ALJ sufficiently considered all relevant evidence in the record. Accordingly, this objection too is overruled.

### III. CONCLUSION

For the foregoing reasons, Moreira's Objections to the R&R, ECF No. 12, are **OVERRULED** and Magistrate Judge Torres's R&R, ECF No. 11, is **ADOPTED** in full.

**IT IS FURTHER ORDERED** that Moreira's Motion for Summary Judgment, ECF No. 6, is **DENIED**.

**IT IS FURTHER ORDERED** that the decision of the Commissioner is **AFFIRMED** under 42 U.S.C. § 405(g).

The Clerk shall close the Case.

**SO ORDERED**.

SIGNED this 28th day of March, 2025.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE